# CIRCUIT COURT OF BALTIMORE CITY.

Filed April 30, 1910.

FERDINAND C. LATROBE ET AL.
VS.
ANDREW J. DIETRICH ET AL.

*Semmes, Bowen & Semmes* for plaintiffs.

*S. S. Field* and *John S. Biddison* for defendants.

STOCKBRIDGE, J.—

The bill in this case is filed, praying a rescission of a sale made from the defendants to the plaintiffs, and upon the making of such rescission to require the defendants to pay to the plaintiffs the sum of $10,000, cash heretofore paid by the plaintiffs upon the making of a sale, the rescission of which is now asked, the surrender of four notes of $2,500 each, and also of one note for the sum of $15,000, and to restrain the defendants from discounting or disposing of the said notes.

One of the plaintiffs in this case, Ferdinand C. Latrobe, Jr., was an infant at the time of making the agreement for purchase now asked to be set aside, and that infancy continued down until after the filing of the bill, and up to the first day of the hearing of this case. The fact of this condition of infancy is one of the grounds upon which the relief sought in this case is asked. The law in this State is well settled as to the contracts of an infant, engaging in business, that they are not necessarily void, but are voidable at any time on their disavowal by the infant during his minority.

Bush vs. Linthicum, 59 Md., 349.

And therefore so far as the liability of the infant plaintiff is concerned upon the five notes aggregating the sum of $25,000—his liability thereon must be terminated, and his name as an endorser upon said notes stricken off. But while the contract of an infant is voidable by him at any time during his minority that doctrine applies as to acts to be done, moneys to be paid or conditions of a contract yet remaining to be performed, that is such portions as are executory, and it does not necessarily follow that as to special portions of the contract that have already been executed he is entitled merely by reason of his minority, to recover money already paid in carrying out the stipulation of the agreement. The liability of the plaintiff, Shane, and the right to demand and recover back by the plaintiff, Latrobe, of the $10,000 paid, must depend upon other facts than the one of infancy.

The allegations of the bill are to the effect, that the defendants knowingly and intentionally made misrepresentations and false statements for the purpose of inducing the plaintiffs to enter in to the transaction which has given rise to this suit.

Without attempting to review in detail all of the facts testified to, and which are urged as constituting the false representations and inducements for the entering into the contract, the Court cannot find as a fact, that these allegations of the bill are substantiated by the proof. But even if they were there would still remain a serious obstacle to granting the plaintiffs the relief asked for in the bill.

By the undisputed testimony the knowledge of the facts with regard to which it is alleged that the false representations were made, was fully within the possession of the plaintiffs not later than the 21st day of October, 1909, yet no move was made upon their part until the first few days of December to bring the attention of the defendants to the alleged misrepresentations and the bill of complaint was not filed until December 31st, 1909;

here was a lapse of forty days after the plaintiffs were in possession of full knowledge of the facts which constituted what is now alleged to have been a fraudulent misrepresentation during which they made no attempt whatever in any way, even to request to be relieved of their bargain or make the slightest endeavor to have the same set aside and revoked.

While in a proper case Courts of equity do not hesitate to decree a rescission of a contract where that contract has been induced by fraud, yet the relief is one which of necessity must be cautiously and sparingly accorded, and hence, we find it well established that applications for rescissions must be made without delay, and that the party seeking to rescind must make his election as soon as the cause for rescission is discovered, Grymes vs. Sanders, 93 U. S., 55; Foley vs. Crow, 37 Md., 51; and therefore the relief sought by the plaintiff, Shane, will be refused, and as to him the bill will be dismissed. From what has been said with regard to the subject of infancy it follows that a decree will be entered commanding and directing the erasure of the name of the plaintiff, Ferdinand C. Latrobe, Jr., upon the five several notes set out in the bill, and described in the proof.

Eleven exceptions to the evidence have been filed; the third, fifth, sixth, seventh, eighth, ninth, tenth and eleventh of these exceptions will be sustained. With regard to the fourth exception, the letter therein mentioned the Court has been unable to find among the papers of the case, and no ruling is made with regard thereto.

The first and second exceptions present an important question of evidence, one with regard to which no authority was cited in the argument, nor has the Court been able to find any authority directly in point. It must, therefore, rule upon these exceptions as matter of deduction rather than authority.

The question which these exceptions raise is, when a bill has been filed, setting out certain alleged fraudulent misrepresentations as the procurement of the execution of a contract, whether evidence is competent of other material representations likewise sought to be shown as false, or whether the plaintiff is restricted in proof to representations of the character and kind set forth in the bill.

The object of all pleading is to narrow the matters in dispute down to questions of fact upon which a finding can be had and thereby to make certain what the points in issue are so that each party may know the issues or points which it will be called upon to establish or controvert.

If it can be permitted that a plaintiff having alleged certain specific matters of fraud, thus apprising the defendant of one case which he has to meet can when the case comes to trial offer in evidence matters, which, even if fraudulent, have not been brought to the attention of the defendant so as to afford him an opportunity to be prepared to meet the charges, he is manifestly placed at a disadvantage and such a disadvantage as it does not seem to me the rules of pleading or evidence have ever contemplated. The first and second exceptions therefore will be sustained.